## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

ANTONIO COOPER,

      Plaintiff,


v.                                                              CASE NO:
                                                                         HON:

COUNTY OF WASHTENAW, and BRIAN YEAGER
in his individual and official capacity,

      Defendants,

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>THOMAS P. KERR (P84864)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>Thomas.kerr@cjtrainor.com | |

### THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

      **NOW COMES** Plaintiff, **ANTONIO COOPER**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1

1. Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan.

2. Defendant County of Washtenaw is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

3. Defendant Brian Yeager is and/or was a police officer working and/or assigned to the Washtenaw County Sheriff's Department and at all times mentioned herein was acting under color of law, in his individual and official capacities, and within the course and scope of his employment.

4. All events giving rise to this lawsuit occurred in the City of Ypsilanti, County of Washtenaw, State of Michigan.

5. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983. Plaintiff also has viable state law claims.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. §1343 [civil rights].

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## **FACTS**

8.  Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9.  That on January 23, 2020, Plaintiff was attempting to leave the ArborOne Townhomes in Ypsilanti Township.

10. On the above date, Defendant Brian Yeager was knocking on the doors and walking around the premises of the ArborOne Townhomes.

11. That as Plaintiff began to attempt to leave, Defendant Yeager, without identifying himself as a police officer, immediately approached Plaintiff and accused him off committing a crime.

12. That Plaintiff provided his name and explained that he had no involvement in the crime and made clear that Plaintiff was not the individual that Defendant Yeager was looking for.

13. That when Plaintiff attempted to get into his vehicle, Defendant Yeager pushed Plaintiff into his vehicle and slammed the car door shut.

14. That Plaintiff called the Washtenaw County dispatch to report that Defendant Yeager was assaulting and harassing him.

15. That Defendant Yeager then arrested Plaintiff for Assaulting a Police Officer and Resisting Arrest and taken to the Washtenaw County Jail.

16. That all of the charges against Plaintiff were dismissed.

17. As a result of Defendants' unlawful actions and/or inactions, Plaintiff sustained injuries and damages.

## COUNT I
## VIOLATIONS OF THE FOURTH AMENDMENT

18. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

19. At all relevant times herein, Defendant Yeager acted under color of law, within the scope and course of his employment, and in his official and individual capacity.

20. Defendant Yeager violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures.

21. The actions of Defendant Yeager was at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

22. Defendant Yeager is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment rights.

23. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendants, Plaintiff has a viable claim for compensatory

4

and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive interest, costs, and attorney fees.

## COUNT II
## DEFENDANT COUNTY OF WASHTENAW'S CONSITUTIONAL VIOLATIONS

24. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

25. Defendant County of Washtenaw permitted customs, practices, and/or policies which resulted in the violations of Plaintiff's constitutional rights as complained herein.

26. These customs, practices, and/or policies included, but were not limited to, the following:

    a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizens' constitutional rights;

    b. Failing to adequately train and/or supervise its police officers regarding the proper use of force;

5

c.  Failing to adequately train and/or supervise its police officers regarding proper procedures for conducting investigations into alleged criminal conduct; and

d.  Failing to adequately supervise, review, and/or discipline police officers whom Defendant City of Washtenaw knew or should have known were violating or were prone to violate citizen's constitutional rights, thereby permitting and/or encouraging its police officers to engage in unlawful conduct.

27. Defendant's conduct was so reckless as to demonstrate a deliberate indifference whether an injury resulted.

28. Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

29. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's constitutional rights; and pursuant to 42 U.S.C. § 1983, Plaintiff has a viable claim for compensatory and punitive damages, plus interest, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive interest, costs, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Thomas P. Kerr**
CHRISTOPHER J. TRAINOR (P42449)
THOMAS P. KERR (P84864)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
Dated: January 31, 2022     (248) 886-8650
TPK                         Thomas.Kerr@cjtrainor.com

7

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

ANTONIO COOPER,

    Plaintiff,


v.                                                             CASE NO:
                                                               HON:

COUNTY OF WASHTENAW, and BRIAN YEAGER
in his individual and official capacity,

    Defendants,

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>THOMAS P. KERR (P84864)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>Thomas.kerr@cjtrainor.com | |


## **DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, **ANTONIO COOPER**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a demand for trial by jury in the above-entitled cause.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

<u>**s/ Thomas P. Kerr**</u>
CHRISTOPHER J. TRAINOR (P42449)
THOMAS P. KERR (P84864)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
Dated: January 31, 2022      (248) 886-8650
TPK                          Thomas.Kerr@cjtrainor.com